Benjamin Slonemsky, Appellant, v. Irving Zevin, Respondent.

First Department, November 17, 1933.

*Maurice Rubinger* of counsel [*Underhill & Rubinger*, attorneys], for the appellant.

*Jacob E. Hurwitz* of counsel [*Meyer Maltz* with him on the brief; *Jacob E. Hurwitz*, attorney], for the respondent.

Townley, J. According to the complaint, plaintiff demands damages for harm sustained by him because of the fraudulent representations made by the defendant to induce plaintiff to purchase a retail stationery store and to take an assignment of the store lease. The alleged false representation made to the plaintiff by the landlord is that the landlord had in his possession an agreement with the owner of the building across the street which contained a restrictive covenant that neither party to the agreement would rent any part of their respective buildings for the purpose of carrying on a business competitive in nature with any existing business and that this agreement was in force for the unexpired term of the lease which plaintiff was purchasing. Other allegations necessary to maintain an action in fraud are made.

The defendant claims that the complaint is insufficient because it is grounded on an alleged contract which, not being in writing, would be void under the Statute of Frauds.

Manifestly, the present cause of action does not depend upon the existence or non-existence of a written agreement between the defendant and a third party. It depends upon the fraudulent misrepresentations made to the plaintiff which induced him to enter into the contract referred to in the complaint.

In paragraph seventh of the complaint, as a matter of fact, it is alleged in effect that the agreement between the defendant and the other landlord was represented to be in writing. If it be assumed, however, that the landlord represented that he had an oral agreement with another landlord, plaintiff might well have relied on the business honesty of the parties to that oral agreement. The Statute of Frauds, if any question should have arisen concerning the agreement, might not have been pleaded. While, therefore, the plaintiff might well have relied on the existence of an oral agreement, he is completely deceived by the false statement that an oral agreement exists when in fact no such agreement has ever been made.

The complaint is sufficient and the order should be reversed, with twenty dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave to the defendant to answer within twenty days upon payment of said costs.

FINCH, P. J., MARTIN, O'MALLEY and GLENNON, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to defendant to answer within twenty days from service of order upon payment of said costs.